# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALCOA, INC., *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) Civil Action No. 11-813 |
| v. | ) Judge Cathy Bissoon |
| | ) |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

For the reasons stated below, the motion for summary judgment filed by Defendant Liberty Mutual Insurance Company ("Defendant") will be denied. (Doc. 21). Additionally, the motion for partial summary judgment filed by Plaintiffs Alcoa, Inc., and St. Croix Alumina, LLC ("Plaintiffs") will be granted. (Doc. 24).

Plaintiffs allege that Defendant breached its duties under an insurance contract by failing to defend them in two lawsuits that currently are pending in the Virgin Islands. (Doc. 1 ¶ 7). Plaintiffs also assert that Defendant's refusal to defend them constitutes bad faith. Id. ¶¶ 49-50. Defendant counters that the allegations raised by the plaintiffs in the two underlying suits trigger an asbestos exclusion contained in the insurance policy, thus abrogating any duty to defend or to indemnify, which otherwise might have arisen under the contract. (Doc. 23 at 5).

Defendant filed a motion for summary judgment on September 26, 2011. (Doc. 21). On the same day, Plaintiffs filed their own motion for partial summary judgment with respect to the Defendant's duty to defend. (Doc. 24); (Doc. 25 at 5). These motions are ripe for disposition.

A. Material Facts

Currently pending in the courts of the Virgin Islands are two civil actions naming Plaintiffs as defendants. The first is Abednego, et al. v. St. Croix Alumina, LLC, et al., 1-CV-0009 (D. VI) ("Abednego"). The second is Abraham, et al., v. St. Croix Alumina, LLC, et al., No. 163/2011 (V.I. Super. Ct.) ("Abraham"). See (Docs. 28-2 and 28-3). Both cases arise out of the same alleged releases of toxic substances, and many of the allegations made in the relevant portions of the most recent amended complaints appear to be identical. See generally (Docs. 28-2 and 28-3). On February 12, 2010, Defendant acknowledged receipt of the Abednego complaint and denied coverage. (Doc. 27 ¶ 3); (Doc. 32 ¶ 3). Defendant reaffirmed denial of coverage in Abednego on June 1, 2011. (Doc. 27 ¶ 5); (Doc. 32 ¶ 5). On June 15, 2011, Defendant acknowledged receipt of the complaint in Abraham and, as with Abednego, denied coverage. (Doc. 27 ¶ 6); (Doc. 32 ¶ 6).

Defendant argues that an asbestos exclusion in the applicable insurance policy was triggered by the factual allegations in the Abednego and Abraham complaints, and thus, no duties to defend or indemnify exist. (Doc. 23 at 13). The wording of the exclusion is as follows: "[i]t is agreed that such insurance as is afforded by the policy does not apply to personal injury or property damage caused by, or allegedly caused by, asbestos either alone or in combination with other substances or factors." (Doc. 28-1 at 22).

B. Analysis

Under Pennsylvania law, an insurer's duty to defend is different and broader in scope than its duty to indemnify. Whole Enchilada, Inc., v. Travellers Prop. Cas. Co. of Am., 581 F. Supp. 2d 677, 694 (W.D. Pa. 2008) (citing Erie Ins. Exch. v. Muff, 851 A.2d 919, 925 (Pa.

2

Super. Ct. 2004)). In order to determine whether the duty to defend is triggered, a court must compare the language of the applicable policy with the factual allegations raised in the underlying complaint. Id. (citing Mut. Benefit Ins. Co. v. Haver, 725 A.2d 743, 745 (Pa. 1999)). "When the policy language is clear and unambiguous, the court must give effect to the language in the contract." Riccio v. Am. Rep. Ins. Co. 705 A.2d 422, 426 (Pa. 1997). Ambiguities in the language of the policy are construed in favor of the insured. Id. The agreement must be interpreted as a whole, and words must be given their ordinary meaning. Pines Plaza Bowling, Inc. v. Rossview, Inc., 145 A.2d 672, 676 (Pa. 1958).

Additionally, "[i]t is well established that "an insurer's duty to defend . . . [is to] be determined solely from the language of the complaint against the insured." Kvaerner Div. of Kvaerner U.S., Inc. v. Com. Union Ins. Co., 908 A.2d 888, 896 (Pa. 2006). "[T]he particular cause of action that a complaint pleads is not determinative of whether coverage has been triggered. Instead it is necessary to look at the factual allegations contained in the complaint." Haver, 725 A.2d at 745. When parsing the allegations of the underlying complaint, they "are to be taken as true and liberally construed in favor of the insured." Frog, Switch & Mfg. Co. v. Travelers Ins. Co., 193 F.3d 742, 746 (3d. Cir. 1999) (citing Biborosch v. Transamerica Ins. Co., 603 A.2d 1050, 1052 (Pa. Super. Ct. 1992)).

An insurer with a duty to defend must "provide a complete defense on behalf of its insured so long as even one allegation of the complaint falls potentially within the scope of the coverage of the insured's policy." Widener Univ. v. Fred S. James & Co., Inc., 537 A.2d 829, 832 (Pa. Super. Ct. 1988); see also State Farm Fire & Cas. Co. v. Corry, 324 F. Supp. 2d 666, 671 (E.D. Pa 2004). The duty to defend exists until the insurer can narrow the claim to a recovery that the policy does not cover. See, e.g., Jacobs Constructors, Inc. v. NPS Energy

3

Servs., Inc., 264 F.3d 365, 376 (3d Cir. 2001) (citing Cadwallader v. New Amsterdam Cas. Co., 152 A.2d 484, 488 (Pa. 1959)). Thus, Defendant must defend Plaintiffs in the underlying actions if even one claim could potentially trigger coverage under the policy.

With respect to the language contained in the policy, it is difficult to conceive of less ambiguous terms than those used in the asbestos exclusion. As a result, it is clear that allegations of injury that was caused by "asbestos either alone or in combination with other substances or factors" would be excluded from coverage.

Turning to the underlying actions, the portions of the complaints that are part of the record in this case are rife with allegations involving damage from exposure to asbestos, and it is clear that many of the claims raised therein fall within the exclusion. See generally (Docs 28-2 and 28-3). However, both underlying complaints contain allegations in which it is unclear whether asbestos is involved. Specifically, the plaintiffs in Abednego and Abraham allege that, as a result of Hurricane Georges in 1998, large quantities of "red dust," consisting of "red mud and bauxite and/ [sic] other particulates" were blown onto their properties from a refinery owned and operated by the Plaintiffs to the current action. (Doc. 28-2 ¶¶ 2068-69); (Doc. 28-3 ¶¶ 234-35). This mixture of "red dust" allegedly damaged or destroyed those plaintiffs' real and personal property, and caused them various health ailments as well. (Doc. 28-2 ¶¶ 2070-72); (Doc. 28-3 ¶¶ 236-38). When Plaintiffs in the current case allegedly began the process of abating the "nuisance of the bauxite and/or red mud[,]" they did so in a manner that was negligent, and allegedly caused additional damage to the Abednego and Abraham plaintiffs. (Doc. 28-2 ¶¶ 2073-78, 2133); (Doc. 28-3 ¶¶ 239-4, 299). While it is alleged that "other particulates" were at least partially to blame for this damage, this term is not used in the underlying complaints to refer to asbestos exclusively. Indeed, it is alleged that the red dust was

4

stored with coal dust – another harmful particulate – and at various points in the underlying complaints the term "other particulates" specifically refers to matter other than asbestos. (Doc. 28-2 ¶¶ 2052, 2055, 2058, 2067); (Doc. 28-3 ¶¶ 218, 221, 224, 233).

As a result of the above-mentioned ambiguities, at least one claim raised in each of the underlying complaints potentially falls within coverage of the applicable policy, and Defendant has a duty to defend Plaintiffs in those actions.

AND NOW, this 26th day of June, 2012,

IT IS HEREBY ORDERED that, for the reasons stated above, the motion for summary judgment filed by Defendant Liberty Mutual Insurance Company (Doc. 21) is DENIED.

IT IS FURTHER ORDERED THAT the motion for partial summary judgment filed by Plaintiffs Alcoa, Inc., and St. Croix Alumina, LLC (Doc. 24) is GRANTED.

BY THE COURT:

s/Cathy Bissoon
CATHY BISSOON
UNITED STATES DISTRICT JUDGE

cc (via CM/ECF):
All Counsel of Record